DEMING INVESTMENT COMPANY, a *Corporation*, v. FRANK MEYER AND JAMES SACKETT, *Late Partners Doing Business Under the Firm Name and Style of* MEYER & SACKETT.

(Filed September 4, 1907.)

(91 Pac. 846.)

BROKERS—Real Estate Agent—Fraud—Concealment of Commission from Principal. Where a real estate agent, having authority to make a sale of his principal's land, reports to another agent of the principal that he can sell the land so as to net the principal a certain sum, and that he is making the sale for a greater sum, thereby disclosing that the amount which will be paid to the principal is not the full purchase price, but that the excess will be retained by the agent as his commission, and no contract is shown between the principal and agent that he shall receive any specified amount for his services, although the amount of the excess is not disclosed, the agent commits no fraud or deception by not disclosing the amount of such excess.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

Affirmed.

*Snyder & Clark,* for plaintiff in error

STATEMENT OF FACTS.

This is an action brought by the plaintiff in error against the defendants in error, in the district court of Canadian county, to recover the sum of $97.50. The record discloses that the plaintiff was a corporation doing business at Oswego, Kansas, and had a

branch office at Oklahoma City in charge of salaried employes whose names were, at the time of the transaction in question, R. P. Carpenter, manager, and H. W. Rule, the office man. The plaintiff had a tract of land in Canadian county at the time which they placed on the market for sale. The defendants were real estate agents. The employes at Oklahoma City had no general authority to make sales, and what authority was given them was specifically delegated in each particular instance. At a time prior to the transaction in question, but at what time is not disclosed by the record, the defendants had authority to sell the tract of land for the sum of $700. The conditions under which they had the authority are not disclosed by the record, nor is there anything disclosed as to what their commission would be if such sale was made. About August 1, 1900, one of the defendants communicated to the plaintiff's employe, Rule, at Oklahoma City, over the telephone, that he could sell the land in question so as to net the plaintiff in error $900. This, it seems, was a larger sum by $100 than the defendants had recently been authorized to sell the place for. In the conversation between the defendant Meyer and Rule over the telephone, Rule suggested that he would rather report the deal to the plaintiff in a different form, and suggested that the sale be reported at $950 with commission at 5 per cent. To this suggestion Meyer stated, in substance, that he did not care how Rule reported the sale but that his proposition was $900 net to the company. He was then asked by Rule if he was getting any more, and he stated that he was; that he (Rule) could notify Mr. Deming any way he pleased, either as a commission sale or not, but that the proposition that he made was that he was to sell the place so as to net the company $900. Rule's idea seems to have been that Mr. Deming would be better satisfied with a sale reported at a certain commission, and that it would be more readily accepted in that form. There is nothing contained in the record from which it can be determined that there was any contract for any specified commission, or that the defendants were to receive in case of sale

any specified amount for their services. This sale was reported to the plaintiffs by Rule at $950, with five per cent. commission, $47.50. The deed was forwarded, payment made to the defendants, and settlement made by them upon the basis of $900 net to the company. Subsequently the plaintiff learned that the land had been sold for $1,100, and this action is brought to recover the excess between $950 and $1,100, as well as the commission of $47.50 paid.

Opinion of the court by

PANCOAST, J.: The theory upon which this action was brought was that there was fraud practiced upon the plaintiff by the defendants; and that, as agents of the plaintiff, the defendants were bound to disclose to the plaintiff all the facts and circumstances within their knowledge in any way calculated to enable the plaintiff to judge of the value of the property, as well as the propriety of accepting the offer made for it; and that, in failing to make such disclosure, the defendants had deceived the plaintiff, and because of such deception were not even entitled to any commission for the sale. A considerable number of authorities are cited in support of the position taken by the plaintiff in error to the effect that an agent who is authorized by his principal to sell the property of the latter upon specified prices and terms is in duty bound, upon learning that a more advantageous sale or exchange can be made, the facts concerning which are unknown to the principal, to communicate the same to him before the sale, as expressly authorized, and his failure to do so amounts to a fraud in law. The trial court found against the plaintiff in error upon the facts disclosed in the case. In fact, there is no contradictory evidence contained in the record. The finding must have been based entirely upon the defendant Meyer's evidence, and, if there is any fraud or deception disclosed in the record, it is shown by his evidence alone.

There is no question as to the correctness of the law cited by

the plaintiff, but is the rule contended for applicable to the facts disclosed in this case? These defendants were simply real estate agents. They reported the facts as far as the facts are disclosed at all, to the branch office of the plaintiff. In this report they disclosed the fact that the purchaser was paying more than $900 for the land, and that the excess was what they expected to receive for their labor. If this land had been put into the hands of these agents to sell at a specified price, and they had contracted to sell the same at that price and take for their services a specified sum of commission, then they would have been duty bound to have reported to their principal any excess which they might have received, and take for their services the commission agreed upon. But the record does not disclose such a state of facts, and although it does disclose that they had, prior to the sale, been authorized to sell the land for a smaller sum than they did sell it at, and at a still smaller sum than the plaintiff received from the sale, yet there is nothing to indicate what their commission was to be or that it was to be any specified sum. The report in the telephone conversation between Meyer and Rule was sufficient to show that the defendants were receiving some greater sum than $900 for the land, and the plaintiff therefore had notice of the nature of the transaction. The only deception, if any at all, was practiced by Rule in reporting to the home office, but the defendants were in no wise responsible, as they left the manner of Rule's reporting the sale to his own judgment, specifically giving him to understand that he would report it as he pleased, but that they were to make the sale so as to net the company $900. The evidence as disclosed by the record is very distinct upon this proposition. We must therefore conclude that the rule of law sought to be invoked by the plaintiff in error in this case it not applicable here, because of the fact that some of the essential elements are lacking, and that there was no fraud or deception practiced on the part of the defendants in error. We see no reason why a person may not report a sale of a piece of land to his princi-

pal for a certain sum when it is understood that the property is being sold for a greater amount and that the excess will be retained as a commission for the services performed.

There being no error in the record, the judgment of the court below is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.